IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 13-cv-03011-CBS

TRENTON ARTHUR,
    Plaintiff,
v

CITY AND COUNTY OF DENVER,
MICHAEL HANCOCK,
DENVER CIVIL SERVICE COMMISSION, and
EARL PETERSON,
    Defendants.

---

MEMORANDUM OPINION AND ORDER

---

This matter comes before the court on Defendants' Motion to Dismiss (Doc # 10), filed on December 26, 2013. On January 22, 2014, this case was referred to Magistrate Judge Craig B. Shaffer to handle all dispositive matters including trial and entry of a final judgment in accordance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and D.C. COLO. LCivR 72.2. (Doc. #18). The court has carefully reviewed the motion, the related briefings and hearings, the entire case file, and the applicable law. For the following reasons, the Defendants' Motion to Dismiss is **GRANTED**.

### I.     BACKGROUND

Plaintiff Trenton Arthur's sole claim arises under 42 U.S.C. § 1983 and is asserted against the City and County of Denver, Michael Hancock, Denver Civil Service Commission ("DCSC"), and Earl Peterson (collectively "Defendants"). Plaintiff's claim arises out of Defendant DCSC's failure to add five veteran's preference points to Plaintiff's score on the Denver Civil Service Test. Plaintiff's lower score precluded him from advancing in the hiring process for the Denver Fire Department's ("DFD") 2007 class. Plaintiff now seeks an order awarding him the rank and salary he would have earned had he been hired by the DFD in 2007.

Plaintiff filed a complaint in Colorado District Court (doc. #10-1) in 2007 claiming that Defendants violated Article XII, Section 15 of the Colorado Constitution by failing to award the preference points, and asking the district court to order DCSC to add the points to his test score. The district court granted summary judgment for Defendants on the basis that Plaintiff's employment application had included inadequate proof to demonstrate he was entitled to the veterans' preference (doc. #10-2). Plaintiff appealed (doc. #10-3). The Colorado Court of Appeals reversed the district court and held that Plaintiff was entitled to the veteran's preference (doc. #10-4). While the case was on remand, Plaintiff asked the district court to order Defendants to also pay him a retroactive fire fighter's salary from 2006[1] (doc. # 10-5). The district court ordered Defendants to add the points to Plaintiff's 2006 test, but ruled that Plaintiff had not shown he "would have succeeded in the rest of the selection process in 2006, in which he was denied the opportunity to compete," and thus was not entitled to back pay. (Doc. #10-6). DCSC subsequently awarded Plaintiff the veteran's preference and added five points to his 2006 test score. DFD hired Plaintiff in September 2011.

Plaintiff filed the instant action on November 4, 2013, alleging that Defendants violated the Due Process Clause of the Fourteenth Amendment in depriving him of a property interest without procedural due process.[2] Defendants were served with a summons and copy of the Complaint the same month. Defendants subsequently filed a Motion to Dismiss (doc. #10) and a Brief in Support of their Motion to Dismiss (doc. # 11) on December 26, 2013. The court held a scheduling conference on January 21, 2014, at which the undersigned granted Defendants' unopposed Motion to Stay Discovery (doc. #15) pending the resolution of their Motion to Dismiss, and scheduled oral argument on Defendants' Motion to Dismiss

---

[1] It is unclear from the record why Plaintiff asked for back pay dating from 2006 in the state action and now asks for back pay dating from 2007.
[2] Plaintiff also claims a violation of the Fifth Amendment; however, the Due Process Clause of the Fifth Amendment applies only to action by the federal government. Plaintiff alleges conduct on behalf of state actors only. *See Koessel v. Sublette County Sheriff's Dept.*, 717 F.3d 736, 748 n. 2 (10th Cir. 2013).

for February 26, 2014.[3]  Following argument on February 26, the court granted Defendants' Motion to Dismiss based on their statute of limitations defense, and advised that this written opinion and order would follow.

Because I find that Plaintiff filed his Complaint after the statute of limitations had expired, I need not reach the merits of Defendants' arguments relating to issue preclusion and claim estoppel, whether Plaintiff possessed a property interest in his position, and whether Plaintiff is precluded from even litigating this issue because he failed to exhaust administrative remedies.

## II.    STANDARD OF REVIEW

Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  Under 12(b)(6) a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations … and view these allegations in the light most favorable to the plaintiff."  *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).  However, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  As the Tenth Circuit explained in *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007), "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  "The burden is on the plaintiff to frame 'a complaint with enough factual matter (taken as true) to suggest' that he or she is

---

[3] Plaintiff also agreed at this hearing to dismiss Defendants Hancock and Peterson from the action and file an amended complaint within one week.  Plaintiff did not file the amended complaint.

3

entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp.*, 550 U.S. at 556). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

### III.   ANALYSIS

"The elements of a § 1983 claim are the deprivation of rights secured by the Constitution or federal law, and action occurring under color of state law." *Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984). Section 1983 creates a cause of action for violations of constitutional rights; it does not itself grant any substantive rights. *Id.* (citing *Chapman v. Houston Welfare Rights Organization,* 441 U.S. 600, 617–18 (1979) ("[O]ne cannot go into court and claim a 'violation of § 1983'—for § 1983 by itself does not protect anyone against anything."). The remedy provided by § 1983 is statutory in origin, but the underlying liability it enforces stems primarily from the Constitution. *Garcia*, 731 F.2d at 650.

"A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998). Because "the injury in a § 1983 case is the violation of a constitutional right,  such claims accrue 'when the plaintiff knows or should know that his or her constitutional rights have been violated.'" *Id.* (internal quotations and citations omitted) (quoting *Lawshe v. Simpson,* 16 F.3d 1475, 1478 (7th Cir. 1994)). Colorado governs such actions with a two year statute of limitations. Colo. Rev. Stat. Ann. § 13-80-102(1)(g); *see also Workman v. Jordan*, 32 F.3d 475, 482 (10th Cir. 1994); *Merrigan v. Affiliated Bank Shares of Colorado, Inc*., 775 F.Supp. 1408, 1411-12 (D.Colo. 1991).

Plaintiff claims a violation of the Fourteenth Amendment as the underlying liability for his § 1983 claim. Specifically, he alleges that Defendants deprived him of his property interest without procedural due process. The property interest he asserts is somewhat unclear, however. Plaintiff was a Fire Fighter

4

Third Grade when he filed the Complaint.[4] His reference to the DFD collective bargaining agreement providing for yearly promotions and commensurate raises (doc. #1), and his focus on "the position he would have had … [in 2007]" (doc. #14), implies that Plaintiff asserts a property interest in the rank and salary of a Fire Fighter First Grade.[5] However, Plaintiff appears to claim in Count 1 of his Complaint that the property interest of which he was deprived was a fire fighter job at any grade, and the deprivation occurred when Defendants withheld the veteran's preference points, rendering him ineligible to be considered for the job. Yet, Plaintiff later acknowledges that he did not have a property interest in the job, if at all, until he was hired in 2011 (doc. #14).

While the lack of clarity surrounding the property interest complicates the statute of limitations analysis to some extent, there can be no doubt that Plaintiff's Complaint is time-barred. If he claims Defendants deprived him of his property interest in a fire fighter job of any grade, he knew of the injury in 2006 when he did not receive the veteran's points. If he claims Defendants deprived him of his property interest in the salary and rank of Fire Fighter First Grade, he knew of the injury in September 2011 when he was hired as a Fire Fighter Fourth Grade.[6]

Plaintiff contends that his property interest was not "perfected" until November 19, 2012, the day on which he graduated from probationary to permanent fire fighter status. He argues that the property interest he acquired in the fire fighter job that day allowed him to look back and seek redress for the deprivation that occurred prior to when his interest was perfected. Under Plaintiff's theory, the constitutional injury that triggered the statute of limitations occurred on November 19. Plaintiff is wrong. At best, he suffered the manifestation, or consequence, of the deprivation of his alleged property interest when he began receiving a Fourth Grade salary as a permanent fire fighter. Plaintiff's cause of action accrued at the time of the violative act, "not the point at which the consequences of the act [became]

---

[4] A Fire Fighter Third Grade is one who has served with DFD for longer than nine months and less than twenty-one months following completion of the Fire Academy. (Doc. #11).
[5] A Fire Fighter Third Grade earns 72% of the salary of a Fire Fighter First Grade. (Doc. #11-7).
[6] Though Plaintiff does not say what grade was assigned to him when he was hired by DFD in September 2011, he alleges he received a salary that was four years behind what he should have received if he had begun working in 2007.

painful." *Palkovic v. Johnson*, 150 Fed.Appx. 35, 36 (2d Cir. 2005) (unpublished). Nothing significant to this lawsuit occurred after September 2011; Plaintiff knew the same relevant facts on the day he filed this lawsuit as he knew on the day that DFD hired him.

Indeed, Plaintiff believed his rights had been violated as early as January 2007 when he sued Defendants in state court for DCSC's failure to award the veteran's preference. He asked the district court to order an award of veteran's points and he asked for a retroactive salary, commiserate with what he would have earned had he been hired in 2007, which the court declined to award.[7] The standard for determining when Plaintiff's § 1983 cause of action accrued hinges on when Plaintiff knew or had reason to know of the constitutional injury. Regardless of whether the injury stemmed from the failure to award points or the failure to hire him at a higher starting grade, Plaintiff knew of his injury over two years before he initiated this action.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (doc. #10) is **GRANTED and this civil action is dismissed**. Each party will bear its own costs.

Dated at Denver, Colorado this 7th day of April, 2014.

BY THE COURT:

s/ Craig B. Shaffer
United States Magistrate Judge

---

[7] Having found that the statute of limitations bars Plaintiff's Complaint, this court is not required to engage in a discussion of how Plaintiff's previous state court litigation now limits these proceedings, though this court would remind Plaintiff that it cannot serve as a forum for the belated review of a disappointing decision rendered in a different court.